IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| JOLANDO KING,  #1156477 | § | |
| | § | |
| V. | § | CIVIL ACTION NO. G-06-266 |
| | § | |
| DOUG DRETKE, DIRECTOR, | § | |
| TEXAS DEPARTMENT OF CRIMINAL | § | |
| JUSTICE, INSTITUTIONAL DIVISION. | § | |

## REPORT AND RECOMMENDATION

Before the Court is the application of Jolando King for the issuance of a writ of habeas corpus. King challenges disciplinary case number **20050178303,** in which he was charged with conspiring to operate an unauthorized business within the TDCJ-ID.  Specifically, King claimed to be a commercial attorney representing clients in financial matters for a fee of $25 per hour.  King's punishment consisted of a loss of commissary and recreation privileges for forty-five days; loss of television and radio privileges for forty-five days; forty-two hours extra duty; suspension of contact visits through April 30, 2005; cell restriction for forty-five days; solitary confinement for fifteen days; a reduction in time-earning class status from L-1 to L-2; and a loss of 180 days good time credits. King asserts that prison rules do not prohibit him from operating a business with clients outside of the prison.  He seeks restoration of good time credits and previous class status. The specificity with which he has pleaded his claim makes it unnecessary, in this Court's opinion, to order the records of the challenged disciplinary proceeding from the State Attorney General.  Having carefully reviewed Petitioner's Application, this Court makes the following Report and Recommendation to the District Court.

State prisoners seeking federal court review of a conviction pursuant to 28 U.S.C. § 2254 must assert a violation of a federal constitutional right.  *Lawrence v. Lensing,* 42 F.3d 255, 258 (5th Cir.

1994); *Gray v. Lynn*, 6 F.3d 265, 268 (5th Cir. 1993). In the context of disciplinary proceedings, habeas corpus procedures are appropriate when the allegations concern punishment which may ultimately affect the length of an inmate's confinement. *See Cook v. Texas Dept. of Criminal Justice Transitional Planning Dept.*, 37 F.3d 166, 168 (5th Cir. 1994); *Serio v. Members of the La. State Bd. Of Pardons*, 821 F.2d 1112 (5th Cir. 1987).  In the instant case, however, the nature of Petitioner's underlying conviction precludes his eligibility for the protections afforded by the Due Process Clause.

Petitioner notes in his Petition that he is not eligible for mandatory release.  As such, the duration of his sentence is not affected by the loss of good-time credits and due process protections are not, therefore, triggered. *See Sandin v. Conner*, 515 U.S. 472, 483-84 (1995); *Madison v. Parker,* 104 F.3d 765, 767 (5th Cir. 1997). To the extent Petitioner's claims are interpreted to assert that the challenged disciplinary proceeding will adversely affect his eligibility for parole, he still has not stated a claim that invokes due process. While procedures relative to parole may affect his duration of confinement, it is well settled that the Texas parole statutes do not confer a liberty interest. "It follows that because [the petitioner] has no liberty interest in obtaining parole in Texas, he cannot complain of the constitutionality of procedural devices attendant to parole decisions." *Orellana v. Kyle*, 65 F.3d 29, 32 (5th Cir. 1995), *cert. denied*, 516 U.S. 1059 (1996).  Therefore, to whatever extent the challenged disciplinary proceeding affects Petitioner's eligibility for parole, his due process rights have not been violated. Petitioner has failed to state a claim that is cognizable under federal habeas review. *See Madison*, 104 F.3d at 767; *Sandin*, 515 U.S. at 483-484.

Accordingly, for the aforementioned reasons, it is the **RECOMMENDATION** of this Court that this cause be **DISMISSED for failure to state a claim upon which federal habeas relief is available**.

2

The Clerk shall send copies of this Report and Recommendation to the Petitioner.  The Petitioner shall have until **May 19, 2006,** in which to have written objections physically on file in the Office of the Clerk.  <u>The objections shall be mailed to the Clerk's Office in Galveston, Texas 7753 at  P.O. Drawer 2300</u>.  Any objections filed shall be contained in a written document specifically entitled "Objections to the Report and Recommendation of the Magistrate Judge", which will then be forwarded to the District Judge for consideration.  Failure to file written objections within the prescribed time shall bar an aggrieved party from attacking on appeal the proposed factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas, this the   3rd   day of May, 2006.

_____
John R. Froeschner
United States Magistrate Judge